IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TAMMY SOLLARS, o/b/o
R.T.S., a minor,

                    Plaintiff,

vs.                                        Case No. 12-1351-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the

Commissioner of Social Security denying Tammy Sollars

supplemental security income payments for her child R.T.S.

(hereinafter referred to as "plaintiff").  The matter has been

fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.

§ 405(g), which provides that "the findings of the Commissioner

as to any fact, if supported by substantial evidence, shall be

conclusive."  The court should review the Commissioner's

decision to determine only whether the decision was supported by

substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

(10th Cir. 1994).  Substantial evidence requires more than a

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

## II. Legal standards for child disability

The ALJ is required to apply a three-step analysis when making a determination of whether a child is disabled. In order to find that a child is disabled, the ALJ must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or

combination of impairments that is severe, and (3) that the child's impairment meets, medically equals, or functionally equals a listed impairment. <u>Briggs v. Massanari</u>, 248 F.3d 1235, 1237 (10th Cir. 2001); 20 C.F.R. § 416.924(a) (2012 at 858).

If a child has a severe impairment which does not meet or medically equal any listing, the ALJ must decide whether the severe impairment results in limitations that functionally equal the listings. By "functionally equal the listings," the agency means that the severe impairment must be of listing level severity, i.e., it must result in marked limitations in two domains of functioning or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains to be considered are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

## III. History of case

On December 23, 2009, administrative law judge (ALJ) Mark R. Dawson issued the 1st ALJ decision, finding that plaintiff was not disabled (R. at 87-99). On October 27, 2010, the Appeals Council remanded the case back to the ALJ for further hearing (R. at 105-108).

On April 7, 2011, ALJ Guy E. Taylor issued a 2nd ALJ decision (R. at 10-23). Plaintiff was born On June 11, 2001 (R. at 13). Tammy Sollars filed her application on behalf of her son on September 12, 2007 (R. at 13). Plaintiff alleges disability since August 1, 2006 (R. at 10). At step one, the ALJ determined that plaintiff has not engaged in substantial gainful activity since the application date (R. at 13). At step two, the ALJ found that plaintiff has the following severe impairment: attention deficit hyperactivity disorder (R. at 13). At step three, the ALJ determined that plaintiff's impairment does not medically meet, equal or functionally equal a listed impairment (R. at 13-23). Therefore, the ALJ concluded that plaintiff has not been disabled since September 12, 2007, the application date (R. at 23).

**III. Did the ALJ err in his consideration of the assessments of plaintiff's teacher and counselor?**

As set forth above, in order for an impairment to functionally equal a listing, it must result in marked limitations in two domains of functioning or an extreme limitation in one domain. The six domains of functioning and the ALJ's finding for each domain are set forth below:

| Domain of functioning | finding of ALJ |
| --- | --- |
| acquiring and using information | less than marked limitation |
| attending and completing tasks | marked limitation |

interacting and relating          less than marked limitation
with others

moving about and manipulating     no limitation
objects

caring for yourself               less than marked limitation

health and physical well-being    no limitation

(R. at 16-23).

The record contains two disability evaluation forms prepared by state agency psychological consultants. The first one was filled out by Dr. McRoberts on December 27, 2007 (R. at 372-377), and the second one was filled out by Dr. Stern on February 26, 2008 (R. at 390-395). Their findings in the six domains were as follows:

| Domain | McRoberts | Stern |
|---|---|---|
| acquiring and using information | less than marked | less than marked |
| attending and completing tasks | marked | less than marked |
| interacting and relating with others | less than marked | less than marked |
| moving about and manipulating objects | no limitation | no limitation |
| caring for yourself | less than marked | less than marked |
| health and physical well-being | no limitation | no limitation |

(R. at 374-375, 392-393).  The ALJ found that the opinions of Dr. McRoberts were consistent with the weight of the evidence, and they were given significant weight.  Dr. Stern's opinions were given some weight (R. at 15).

The record also contains two assessments from plaintiff's treating psychiatrist, Dr. Mahmood, which are dated October 24, 2009, and December 6, 2010.  His findings in the six domains are as follows:

| Domain | Oct. 24, 2009 | December 6, 2010 |
|---|---|---|
| acquiring and using information | less than marked | less than marked |
| attending and completing tasks | marked | marked |
| interacting and relating with others | no limitation | less than marked |
| moving about and manipulating objects | no limitation | no limitation |
| caring for yourself | less than marked | less than marked |
| health and physical well-being | less than marked | less than marked/ no limitation[1] |

(R. at 429-430, 481-482).  The ALJ noted that Dr. Mahmood has a treating relationship with the plaintiff and his opinions are consistent with the weight of the evidence.  Accordingly, the

---

[1] Both categories were marked on the form (R. at 482).

ALJ gave very substantial weight to the opinions of Dr. Mahmood (R. at 16).

Finally, the record also contains assessments prepared by Ryan Thomas, plaintiff's teacher, on December 4, 2009, and Shawna Gillis, plaintiff's case worker, on December 8, 2009. Their findings in the six domains are as follows:

| Domain | Thomas(teacher) | Gillis(case worker) |
|---|---|---|
| acquiring and using information | less than marked | less than marked |
| attending and completing tasks | marked | marked |
| interacting and relating with others | extreme | marked |
| moving about and manipulating objects | less than marked | no limitation |
| caring for yourself | marked | less than marked |
| health and physical well-being | less than marked | no limitation |

(R. at 475-476, 479-480). The ALJ noted that these two persons are not acceptable medical sources, and therefore gave their opinions no weight. The ALJ then went on to note that a teacher and a case worker are other sources, and considered their opinions consistent with SSR 06-3p (R. at 16).

Evidence from "other sources," including non-medical sources such as a teacher or a case worker, may be based on

special knowledge of the individual and may provide insight into the severity of an impairment and how it affects the claimant's ability to function. An opinion from a non-medical source who has seen the plaintiff in his or her professional capacity may, under certain circumstances, outweigh the opinion of a medical source, including a treating source. SSR 06-03p, 2006 WL 2329939 at **2, 3, 6.

The case record should reflect the consideration of opinions from non-medical sources. The adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. SSR 06-03p, 2006 WL 2329939 at *6.

Dr. Mahmood, a psychiatrist, is an acceptable medical source. 20 C.F.R. § 416.913(a). The fact that an opinion is from an acceptable medical source is a factor that may justify giving that opinion greater weight than opinions from other sources. SSR 06-03p, 2006 WL 2329939 at *5. Dr. Mahmood is also a treating source opinion. 20 C.F.R. § 416.902. Generally, the Commissioner gives more weight to opinions from treating sources. 20 C.F.R. § 416.927(c)(2).

The ALJ's findings in the six domains are consistent with the opinions of Dr. Mahmood, plaintiff's treating psychiatrist, and an acceptable medical source. They are also consistent with the opinions of Dr. McRoberts, a non-treating acceptable medical source. The ALJ stated that he considered the opinions of Mr. Thomas and Ms. Gillis, but gave no weight to their opinions after considering their opinions according to SSR 06-03p.

In the domain of interacting and relating with others, Mr. Thomas stated that plaintiff had an extreme limitation, and Ms. Gillis stated that plaintiff had a marked limitation. However, the three acceptable medical sources found that plaintiff had a less than marked limitation in this category. The ALJ considered the opinions of another teacher for the plaintiff, Stacey Telgren, who indicated on October 12, 2007 that plaintiff had no problem in 2 factors under this category, a slight problem in 10 factors under this category, and an obvious problem in only 1 factor under this category (R. at 20, 262).

In the domain of caring for yourself, Mr. Thomas stated that plaintiff had a marked limitation. However, Ms. Gillis and the three acceptable medical sources found that plaintiff had a less than marked limitation in this category. The ALJ also considered the opinions of Ms. Telgren, who indicated that plaintiff had no problem in 1 factor under this category, a slight problem in 6 factors under this category, an obvious

problem in 2 factors under this category, and a serious problem in only 1 factor under this category (R. at 22, 264).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court finds no error by the ALJ in giving greater weight to the opinions of a treating psychiatrist and to the opinions of two acceptable medical sources, as well as one of plaintiff's teachers, Ms. Telgren, as compared to the opinions of two non-medical sources. The court finds that substantial evidence supports the decision of the ALJ regarding whether plaintiff has an impairment or combination of impairments that functionally equals a listing.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 25th day of October 2013, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge